IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VICTOR D. SMITH,<br><br>       Petitioner,<br>  v.<br><br>BRAD CAIN,<br><br>       Respondent. | Case No.: 2:22-cv-01819-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation ("F&R") in this case on July 1, 2024. Judge Russo recommended that petitioner's Petition for Writ of Habeas Corpus ("Petition"), ECF [2], be denied. Petitioner timely filed objections to the F&R. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* If no objections are filed, then no standard of review applies. However, further review by the district court *sua sponte* is not prohibited. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Petitioner objects to the F&R's finding that petitioner failed to demonstrate he was entitled to equitable tolling of the limitation period to file his Petition. Objs. to F&R, ECF [33], at 1-2. Petitioner argues that his untimely filing of his Petition should be excused due to his lack of legal sophistication. *Id.* at 1. Petitioner's limitation period commenced on February 15, 2017. Petitioner filed his state post-

1

conviction relief ("PCR") petition on March 12, 2018, 390 days later.  The appellate judgment in the state PCR proceeding issued on February 3, 2022.  Petitioner filed his federal habeas petition on November 22, 2022, 284 days after entry of the PCR appellate judgment.  While petitioner cites inability to access legal materials as an extraordinary circumstance warranting equitable tolling, petitioner has failed to provide details of how his access was limited or rebut respondent's evidence that petitioner had access.  In the absence of such evidence, petitioner cannot establish extraordinary circumstances sufficient to warrant equitable tolling.  *Hendon v. Walker*, 278 Fed. App'x 762, 762 (9th Cir. May 15, 2008).  Additionally, petitioner's lack of familiarity with the law does not establish extraordinary circumstances warranting equitable tolling.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Accordingly, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF [31].  The Petition for Writ of Habeas Corpus, ECF [2], is DENIED, and this case is DISMISSED.  Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of August, 2024.

_____
Adrienne Nelson
United States District Judge

2